Filed 6/16/26  P. v. Aguilar CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LOUIE AGUILAR, JR.,<br><br>Defendant and Appellant. | D085787, D086633<br><br><br>(Super. Ct. Nos. JCF007503, JCF008626) |

APPEALS from judgments of the Superior Court of Imperial County, Monica Lepe-Negrete and Christopher Plourd, Judges.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this consolidated appeal, Louie Aguilar, Jr., appeals from (1) a judgment of four years in state prison imposed after revocation of his probation for assault with a deadly weapon; and (2) a separate judgment imposed after his guilty plea to possession of a dirk or dagger in another case. His appointed counsel filed a brief raising no arguable issues and requesting that we exercise our discretion to review the record for potential issues under

*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

We have independently reviewed the record and find no arguable issue that would result in a modification or reversal of either judgment. Accordingly, we affirm the judgments.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Case No. JCF007503*

In December 2023, Aguilar was arrested for assaulting his mother and resisting arrest. In January 2024, Aguilar pled no contest to assault by means of force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)) and admitted three factors in aggravation, in exchange for a grant of probation. At sentencing, the court placed Aguilar on formal probation for three years and imposed a suspended, upper-term sentence of four years.

Aguilar admitted violating the terms of probation in April 2024 and again in August 2024. On both occasions, the court revoked and reinstated probation.

In November 2024, the probation department filed a petition for revocation of probation after Aguilar allegedly failed to report to probation within 48 hours of being discharged from a residential treatment facility for rules violations. In an amended petition, the probation department further alleged that Aguilar had been arrested in January 2025 for felony possession of a dirk or dagger, misdemeanor resisting arrest, and possession of a smoking device.

The court conducted a contested revocation hearing at the conclusion of the preliminary hearing for Aguilar's new case arising from the January 2025

---

[1] All further undesignated statutory references are to the Penal Code.

arrest. The court found Aguilar in violation and revoked his probation again. Two weeks later, the court granted Aguilar's *Marsden* motion and appointed new counsel to represent him on both cases. The court later heard Aguilar's motion for a new probation revocation hearing based on a claim that his prior counsel was ineffective in failing to argue that the weapon Aguilar allegedly possessed in January 2025 did not meet the statutory definition of a dirk or dagger. The court denied the motion.

On March 26, 2025, the court declined to reinstate probation and sentenced Aguilar to the previously suspended sentence of four years in state prison.

Aguilar filed a notice of appeal.

B. *Case No. JCF008626*

In January 2025, an El Centro police officer initiated a traffic stop of Aguilar, who was riding a bicycle and wearing a backpack. Aguilar got off his bicycle and tried to flee on foot. After apprehending him, the officer discovered some aluminum foil on the ground nearby. Inside the aluminum foil was one baggie of suspected methamphetamine and another of suspected fentanyl. Inside Aguilar's backpack, the officer found a pipe used to smoke narcotics. In Aguilar's left pocket, the officer found a knife with a double-sided blade.

Aguilar was charged by complaint with possession of a dirk or dagger (Pen. Code, § 21310), misdemeanor resisting arrest (Pen. Code, § 148, subd. (a)(1)), and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364, subd. (a)), with a strike prior (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

In February 2025, the court conducted a preliminary hearing and held Aguilar to answer on the charges. The People filed an information. After the

court granted Aguilar's *Marsden* motion and appointed new counsel for him on both cases, Aguilar's new counsel filed a motion to dismiss the information under section 995 and based on the same claim of ineffective assistance of counsel he asserted in the probation revocation case. The court held a hearing and denied the motion without prejudice.

After sentencing on the probation revocation case, Aguilar waived his constitutional rights and pled no contest to possession of a dirk or dagger in in exchange for a 16-month concurrent sentence, with the balance of the charges dismissed. The court sentenced Aguilar to the agreed term of 16 months concurrent with the four-year sentence imposed in the probation revocation case.

Aguilar filed another notice of appeal. This court consolidated the two appeals.

### DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below, arguing no specific contentions as grounds for relief, and asking this court to review the entire record for error as mandated by *Wende, supra*, 25 Cal.3d. 436. To assist the court in its review, and in compliance with *Anders, supra*, 386 U.S. 738, counsel identified the following possible but not arguable issues: (1) whether trial counsel was constitutionally ineffective at the preliminary hearing for case number JCF008626 and the probation revocation hearing for case number JCF007503; and (2) whether the item Aguilar possessed in the January 2025 incident satisfies the statutory definition of a dirk or dagger. We invited Aguilar to file a supplemental brief raising any additional contentions, but he did not do so.

We have considered the potential issues identified by Aguilar's appellate counsel and conducted an independent review of the record for

4

other arguable issues under *Wende* and *Anders*.  Based on our review, we conclude there is no arguable issue that would result in a modification or reversal of either judgment.  Aguilar is competently represented in this appeal.  Accordingly, we affirm the judgments.  (*Wende, supra*, 25 Cal.3d at pp. 441–442.)

DISPOSITION

The judgments are affirmed.


BUCHANAN, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.